UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                                          PLAINTIFF

v.                                          No. 2:13-CR-20037-003

MIGUEL SOTO                                                                                       DEFENDANT

## OPINION AND ORDER

Before the Court are Defendant Miguel Soto's motion (Doc. 475) for early termination of his supervised release and the Government's response (Doc. 476) to the motion.

The Court may terminate a defendant's term of supervised release at any time after the defendant has spent at least one year on supervised release if the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice." 18 U.S.C. § 3583(e)(1). In reaching its decision, the Court considers several sentencing factors set forth in 18 U.S.C. § 3553(a).

Mr. Soto was sentenced on June 13, 2014, to 87 months of imprisonment for conspiracy to distribute methamphetamine. On February 11, 2015, his sentence was reduced to 70 months. (Doc. 424). He was also sentenced to three years of supervised release which began on June 19, 2018. Mr. Soto represents that he has been compliant with all the terms of his supervised release and would have limitless opportunities for education and scholarship if his supervised release was terminated.

The Government opposes termination of supervised release. The Government's opposition is founded on fact that supervised release is not causing a hardship for Mr. Soto. The Government argues that Mr. Soto's supervised release does not have an impact on his work schedule or type of employment. Further, Mr. Soto's arguments regarding his education do not show that his

supervised release has been a roadblock to his education because he has had received scholarships. The Court agrees.

Regarding the seriousness of the offense and the need to provide just punishment, the Court believed at sentencing that a three-year term of supervised release was warranted for his crime. Mr. Soto makes no representation that supervised release has somehow impacted his ability to reintegrate into society, and in fact Mr. Soto is currently attending school and is employed.

In light of the seriousness of the offense and the need to provide just punishment, the Court agrees with the Government that continued supervision is warranted to deter future misconduct.

IT IS THEREFORE ORDERED that Defendant Miguel Soto's motion for early termination of supervised release (Doc. 475) is DENIED.

IT IS SO ORDERED this 13th day of September, 2019.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE